Filed 10/31/14  P. v. Martin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COPY

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JAMES PRESTON MARTIN,<br><br>Defendant and Appellant. | C074597<br><br>(Super. Ct. Nos. P12CRF0186,<br>P12CRF0186A) |

A jury found defendant James Preston Martin guilty of various charges related to driving while under the influence of alcohol (counts 1 through 4) and one charge of driving on a suspended license (count 5).  In a bifurcated proceeding, the trial court found true an on-bail allegation and four of five prior prison term allegations.  The court denied probation and sentenced defendant to nine years eight months in state prison, plus one year in county jail (for count 5) with credit for time served.

1

On appeal, defendant contends the sentence for count 5 violates Penal Code section 654 (unless otherwise set forth, statutory references that follow are to the Penal Code). Defendant further contends the abstract of judgment requires correction with respect to the enhancements imposed. The People concede both errors. We accept the People's concession and modify the judgment accordingly.

FACTS AND PROCEEDINGS

The following is a summary of events occurring on January 24, 2012, and August 3, 2012, culminating in charges that were consolidated for purposes of trial.

1. <u>January 24, 2012</u>

On the evening of January 24, 2012, while at a gas station in Georgetown, Max and Gail Archer observed defendant as he pumped gas into his white Ford Explorer and then attempted to find his missing keys. The Archers called 911 because defendant was mumbling, acting "erratic," and staggering a bit, and appeared to be intoxicated. According to Jim Miller, the owner of the gas station, defendant seemed "a little shaky," had "slurred speech," and smelled of alcohol.

El Dorado County Deputy Sheriff Eddie Freas was sent to the gas station and arrived at approximately 7:30 p.m. He spoke with defendant, who had bloodshot, watery eyes and slurred speech and was "extremely unsteady on his feet," nearly losing his balance and falling as he walked outside of the station to talk with Freas.

California Highway Patrol Officer Kevin Bliss arrived at the gas station at approximately 8:15 p.m. He noticed defendant had red, watery eyes and a strong odor of alcohol on his breath, and was unstable on his feet.

Defendant attempted to perform several field sobriety tests properly but was unsuccessful. Portable breath alcohol tests conducted at the gas station indicated defendant's blood-alcohol content was .204 percent at 8:34 p.m., and .214 percent at 8:35 p.m.

2

Defendant was arrested and taken to county jail. Breath alcohol tests conducted there indicated defendant had a blood-alcohol content of .18 percent at 10:02 p.m., and .17 percent at 10:06 p.m.

2. August 3, 2012

In the early morning hours of August 3, 2012, emergency personnel were notified of an automobile collision on Highway 193. Paramedic Robin Poselez arrived there and discovered a white Ford Explorer perched precariously on a steep, cliff-like slope some 25 feet off the road. Defendant, who was seated in the passenger seat, had some minor injuries to his face and hand. He initially told Poselez he was the passenger and did not know where the driver was, but eventually confessed that he was the driver and the only person in the vehicle. Defendant was able to climb out of the Explorer and up the hill, where Poselez noticed the odor of alcohol on his breath. Defendant was taken to the hospital at approximately 2:00 a.m. and treated for his injuries.

California Highway Patrol Officer John George was sent to the site of the accident. After completing his investigation there, he went to the hospital, arriving there at approximately 3:15 a.m. Officer George noticed defendant's clothes were bloody and disheveled, he had abrasions on his face, his eyes were red, and his speech was slurred. Officer George also detected the smell of alcohol on defendant's breath and emanating from his body. Defendant eventually admitted having consumed "two beers and a pint" and taken Hydrocodone.

Defendant was arrested. A blood sample taken at approximately 3:40 a.m. revealed defendant had a blood-alcohol content of .16 percent.

The parties stipulated that, at the time of his arrest on August 3, 2012, defendant's driver's license had been suspended for "drunk driving or drugs."

3

PROCEDURAL BACKGROUND

Defendant was charged by consolidated information with driving while under the influence of alcohol with a prior conviction alleged under Vehicle Code section 23550.5 (Veh. Code, § 23152, subd. (a)--count 1), two counts of driving with a blood-alcohol content of .08 percent or higher with a prior conviction alleged under Vehicle Code section 23550.5 (Veh. Code, § 23152, subd. (b)--counts 2 and 4), driving while under the influence of alcohol with prior convictions (Veh. Code, § 23550.5--count 3), and misdemeanor driving on a suspended license (Veh. Code, § 14601.2, subd. (a)--count 5). The information alleged defendant suffered five prior felony convictions (§ 1203, subd. (e)(4)) and five prior convictions for which he served separate prison terms (§ 667.5, subd. (b)); at the time of commission of counts 3, 4, and 5, defendant was on bail or on his own recognizance (§ 12022.1); and, as to all counts, defendant had a blood-alcohol content of .15 percent or higher (Veh. Code, §§ 23575, 23578).

At trial, the jury found defendant guilty on all counts and found true the .15 percent or higher blood-alcohol allegation. In a bifurcated proceeding, the trial court found true the on-bail allegation as to counts 3 and 4, and found four of the five prior prison term allegations true as well.

The court denied probation, pronounced defendant a habitual traffic offender pursuant to Vehicle Code sections 13350 and 14601, subdivision (e)(3), and imposed an aggregate sentence of nine years eight months, plus one year in county jail with credit for time served, comprised as follows: Three years on count 4, plus a consecutive two-year term for the on-bail enhancement, four consecutive one-year terms for the prior prison term enhancements, and a consecutive eight-month term for count 2. As to count 5, the court imposed a consecutive one-year term in county jail with credit for time served. As to counts 1 and 3, the court imposed but stayed three-year terms pursuant to section 654. The court also imposed various fees and fines and awarded presentence custody credits.

DISCUSSION

I

Defendant contends, and the People concede, the court erred when it failed to stay the consecutive one-year term imposed for count 5. We agree.

Section 654, subdivision (a), prohibits punishing any "act or omission that is punishable in different ways by different" penal provisions. This means, at the least, that "multiple punishment for a single physical act that violates different provisions of law" is prohibited. (*People v. Jones* (2012) 54 Cal.4th 350, 358 (*Jones*).)

"Whether multiple convictions are based upon a single act is determined by examining the facts of the case." (*People v. Mesa* (2012) 54 Cal.4th 191, 196.) "The purpose of section 654 is to ensure that a defendant's punishment will be commensurate with his culpability." (*People v. Correa* (2012) 54 Cal.4th 331, 341.)

Here, as a result of the August 3, 2012, incident, defendant was charged with driving under the influence of alcohol (count 3), driving with a blood-alcohol content of .08 percent or higher (count 4), and driving on a suspended license (count 5). The parties agree, and there can be no dispute based on the record before us, that all three crimes were committed simultaneously and that they arose from the single physical act of defendant driving his white Ford Explorer on August 3, 2012.

The trial court imposed a three-year term for count 4 and a one-year term for count 5, and imposed but stayed a three-year term for count 3. We conclude the one-year sentence for driving on a suspended license (count 5) punishes defendant for the same act as does the three-year sentence for driving with a blood-alcohol content of .08 percent or higher (count 4), thus violating Penal Code section 654. (*Jones, supra*, 54 Cal.4th at p. 358.) Because the sentence for count 5 was unauthorized, we may correct it in the first instance. (*People v. Hester* (2000) 22 Cal.4th 290, 295.) We will modify the judgment accordingly.

5

## II

Defendant contends, and the People agree, that the abstract of judgment should be corrected to accurately reflect the on-bail and prior prison term enhancements imposed by the trial court.  Again, we agree.

Where there is a discrepancy between the oral pronouncement of judgment and the abstract of judgment, the oral pronouncement controls.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186; *People v. Mesa* (1975) 14 Cal.3d 466, 471.)  Here, the trial court imposed a two-year term for the on-bail enhancement (§ 12022.1) and four one-year terms for the prior prison term enhancements (§ 667.5, subd. (b)).  The abstract of judgment, however, reflects a two-year term for the prior prison term enhancements (§ 667.5, subd. (b)) and a four-year term for those same prior prison term enhancements.  When there is "an evident discrepancy between the abstract of judgment and the judgment that the reporter's transcript and the trial court's minute order reflect, the appellate court itself should order the trial court to correct the abstract of judgment." (*People v. Mitchell* (2001) 26 Cal.4th 181, 188.)  We shall direct the trial court to make this correction.

DISPOSITION

The judgment is modified to stay the sentence imposed for count 5 (misdemeanor driving on a suspended license). As modified, the judgment is affirmed. The trial court is directed to correct the abstract of judgment to reflect a two-year enhancement pursuant to section 12022.1, and a four-year enhancement pursuant to section 667.5, subdivision (b). The trial court is further directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.


      HULL      , J.


We concur:


      RAYE      , P. J.


      DUARTE      , J.

7